# SUPPLEMENT.

---

## OPINION OF THE JUSTICES TO THE GOVERNOR AND COUNCIL.

Under the St. of 1879, c. 291, § 2, which provided that the Governor, with the advice and consent of the Council, should appoint nine persons, who should constitute a state board of health, lunacy, and charity, it was competent to appoint a woman a member of such board.

On November 7, 1883, the Governor and Council adopted an order requiring the opinion of the Justices of the Supreme Judicial Court upon the following important questions of law :

1. Whether, under the provisions of chapter 291 of the Acts of 1879, entitled "An act to create a state board of health, lunacy, and charity," section 2, which empowers the Governor, with the advice and consent of the Council, to appoint nine persons, who shall constitute a "state board of health, lunacy, and charity," it is competent for the Governor, with the advice and consent of the Council, to appoint a woman to hold office in said board, in view of the fact that the same act provides for the appointment of three several boards of trustees, two members of each of which shall be women.

2. Whether a woman, having been in fact appointed in the year 1880, if such appointment was not within the power of the Governor and Council, became a legal member of said board because of the provisions of section 1 of chapter 79 of the Public Statutes, which enact that the present members of the board of health, lunacy, and charity "shall continue to hold their offices during the terms for which they were appointed."

3. Under the provisions of article 30 of the Bill of Rights, which provides that, in the government of this Commonwealth, the legislative department shall never exercise the executive and judicial powers, or either of them, can the Legislature appoint an officer, either by implication or direct provision, it

being elsewhere in the Constitution provided what officers the Legislature may appoint and elect?

4. Does the fact that, under the provisions of section 3 of said chapter 79, said board of health, lunacy, and charity is required to make its report of its doings to the Governor and Council, on or before the thirty-first day of December in each year, and that the Governor transmits such reports to the Legislature for their information, when a woman is a member of the board, which report the Legislature acts upon, appoint or confirm such woman as a member of the board or an officer of the State?

On November 19, 1883, the Justices· of the Supreme Judicial Court returned the following opinion:

To His Excellency the Governor and the Honorable Council of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court, having considered the questions upon which their opinion has been required by his Excellency the Governor and the Honorable Council, respectfully submit the following opinion:

The statute of 1879, chapter 291, in the second section, provides that "the Governor, with the advice and consent of the Council, shall appoint nine persons, who shall constitute a state board of health, lunacy, and charity."

The principal question presented to us is, whether, under this statute, it was competent for the Governor, with the advice and consent of the Council, to appoint a woman as a member of such board.

There can be no doubt that it is within the constitutional power of the Legislature to provide by a statute, duly passed and approved by the Governor, that women may be appointed members of such board. The question, therefore, is one merely of the construction of the statute and of the intention of the Legislature.

Our statutes provide that, in the construction of statutes, "words and phrases shall be construed according to the common and approved usage of the language," unless they are technical words and phrases which have acquired a peculiar and appropriate meaning in the law, or "unless such construction would be inconsistent with the manifest intent of the

General Court or repugnant to the context of the same statute." * Such would be the sound judicial rule of construction, if there were no statute provision.

The word "persons," in its natural and usual signification, includes women as well as men. Throughout our statutes, and particularly in those relating to the punishment of crimes, it is constantly used in a sense which necessarily includes both sexes. In other parts of the statute we are considering, the word is used in a sense which clearly includes women. The ninth section provides that "the Governor, with the advice and consent of the Council, shall appoint five persons, including two women," as the board of trustees of the state almshouse, and a like board of five, as the board of trustees of the state workhouse. Here the word "persons" clearly includes women. It is not probable that the same word would be used, in the same statute, with different significations. The fact that the Legislature in this provision, and also in the eighth section, providing for the appointment of "a board of seven trustees, two of whom shall be women," and also in the statute passed on the same day providing for the appointment of "five commissioners of prisons, two of whom shall be women," † makes express provision for the appointment of women, does not seem to us to indicate an intention to restrict the natural meaning of the word "persons," as used in the second section. These provisions do not imply that women cannot be appointed on other boards, but their purpose is to make it imperative that, in the constitution of these several boards, two women should be members.

But we find in the statute, viewed in the light of the prior legislation upon the same subject, other significant indications of the intention of the Legislature.

The statute creates a new board of officers, called the state board of health, lunacy, and charity. This board supersedes and takes the place of the several boards named in the first section, among which are "the advisory boards of women to the inspectors of the state almshouse and of the state primary school, and to the trustees of the state reform school;" and this

---

* Pub. Sts. c. 3, § 3, cl. 1, 3.          † St. 1879, c. 294, § 1.

new board has all the powers and duties and functions of the several boards which it supersedes, except as otherwise provided in the statute.

In 1868, the Legislature provided for the appointment of "three competent women as an advisory board to the trustees of the industrial school for girls at Lancaster," * and in 1873 this advisory board was abolished, and it was provided that the trustees of the state industrial school for girls shall consist of ten members, of whom three shall be women.†

In 1870, the Legislature provided for the appointment of "three competent women as an advisory board of overseers" to the prisons designated for the imprisonment of women, and imposed upon such board important duties.‡ This advisory board was recognized, and new duties imposed upon it, by the statute of 1874, chapter 385.

In 1877, the Legislature established a board of three competent women as "an advisory board to the inspectors of the state almshouse at Tewksbury, the state reform school at Westborough, and of the state primary school at Monson." § Many of the duties imposed upon this board were such that there was a peculiar fitness in calling upon women to perform them.

Thus, before the passage of the statute of 1879, the Legislature of the State had established the policy that women should be appointed to aid in the administration of the charitable and reformatory institutions of the State.

Having in view, as may fairly be assumed, this established policy, the Legislature enacted the statute of 1879. It created the state board of health, lunacy, and charity, and imposed upon it, as a part of its duties, some of the duties which were at the time of its enactment performed by the advisory board of women. It uses no language which implies that women could not be appointed as members of the board.

The duties of the board are mostly administrative, and are such as may well be performed by women. There is no incompatibility between the nature and character of the duties and their due performance by women.

---

* St. 1868, c. 153, § 1.  † St. 1873, c. 166.
‡ St. 1870, c. 370, § 10.  § St. 1877, c. 195, § 1.

In view of these considerations, it seems to us that the fair inference is that the Legislature intended to use the words of the second section of this statute in their usual and natural sense, and that, construing them according to the common and approved usage of the language, they include women as persons competent to be appointed as members of the board.

The decision of the court in *Robinson's case*, reported in 131 Mass. 376, does not, in our judgment, conflict with this construction. That decision was, that under the statute of 1876, chapter 197, which provides that a citizen of this State of the age of twenty-one years and of good moral character may be admitted to practise as an attorney, an unmarried woman was not entitled to be so admitted. There, the only question was as to the construction of the statute of 1876, and the intention of the Legislature expressed therein. The court considered that, by the common law and the unbroken usage of this Commonwealth under it, women were not competent to act as attorneys at law ; that although the word "citizen," used in its most common and comprehensive sense, includes women, yet the Legislature, in the statute under construction, was not to be presumed to intend to use it as including women, because such construction would reverse the policy of its predecessors, and introduce a fundamental change in long-established principles of law. These considerations, which were controlling in that case, have no application to the question before us.

The statute of 1879 does not, upon the construction we give it, introduce any new policy, or make any change in established principles of law. On the contrary, it is in accordance, as we have seen, with the policy established by former legislation.

We are of opinion that, under the provisions of the second section of chapter 291 of the acts of 1879, it was competent for the Governor, with the advice and consent of the Council, to appoint a woman as a member of the "state board of health, lunacy, and charity." This being so, the effect of the first section of chapter 79 of the Public Statutes undoubtedly was to confirm and continue in office the members of the board during the terms for which they were appointed.

The view we have taken upon the first question apparently renders the other questions immaterial, and we assume that it is

not the desire of the Governor and Council that we should give an opinion upon questions which have thus become of no present practical importance.

> MARCUS MORTON.
> WALBRIDGE A. FIELD.
> CHARLES DEVENS.
> WILLIAM ALLEN.
> CHARLES ALLEN.
> WALDO COLBURN.
> OLIVER WENDELL HOLMES, JR.